**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CRYSTAL POTTER, individually and on behalf of a class of all persons and entities similarly situated, | : : : : | Case No. |
| Plaintiff, | : : : | |
| v. | : : | JURY DEMANDED |
| GOHEALTH, LLC | : : | |
| Defendant. | : : : | |

_____ /

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive

2ebe51abbb5a5ad1

telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      Crystal Potter ("Plaintiff" or "Ms. Potter") brings this action to enforce the consumer-privacy provisions of the TCPA alleging that GoHealth, LLC ("GoHealth") made telemarketing calls to numbers on the National Do Not Call Registry.

4.      Because telemarketing calls can be made to thousands or even millions of individuals, Plaintiff brings this action on behalf of proposed nationwide Class of other persons who were sent similar calls.

5.      A class action is the best means of obtaining redress for the Defendant' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

6.      Plaintiff Crystal Potter is a Kansas resident.

7.     Defendant GoHealth, LLC is a limited liability company registered to do business in Illinois with its principal place of business at 214 West Huron St., Chicago, Illinois 60654, which is in this district.

## Jurisdiction & Venue

8.     The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff' claims arise under federal law.

9.     The Court has personal jurisdiction over the Defendant because they contracted to originate leads through telemarketing calls for GoHealth in this district.

10.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telemarketing campaign at issue was organized with GoHealth from this District and GoHealth has its principal place of business in this District.

## The Telephone Consumer Protection Act

11.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

12.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

15.     GoHealth markets and sells health insurance products and services to consumers.

16.     GoHealth uses telemarketing to promote its products and services and solicit new customers.

Calls to Plaintiff

17.     Ms. Potter is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18.     Ms. Potter's telephone number, (702) 727-XXXX has been on the National Do Not Call Registry since June 2008.

19.     This number is used for Ms. Potter's personal use.

20.     The number is not associated with a business.

21.     However, Ms. Potter received multiple telemarketing calls promoting GoHealth's Medicare insurance products.

22.     These calls are believed to be made by GoHealth directly.

23.     The calls were made on August 15, 22 and 23, 2022.

24.     The Plaintiff received 8 calls from the Defendant on August 15, 3 on August 22 and 1 on August 23.

25.     The calls all came from the same Caller ID, 844-544-2028.

26.     The Plaintiff answered one of the calls on August 15, 2022.

27.     During that call, GoHealth offered her health insurance.

28.     The health insurance was in the form of a Medicare Supplement.

29.     To secure the supplement, GoHealth required more information, including asking Ms. Potter what her age was.

30.     Confirming that the calls were from the Defendant, a call back to that Caller ID was "thank you for calling Go Medicare".

31.     The website for Go Medicare, https://www.gomedicare.com/,which is a website for GoHealth.

32.     Indeed, that website states, "GoHealth helps Medicare beneficiaries enroll in Medicare Advantage plans", and indicates that GoHealth owns the website.

33.     The Plaintiff was not interested and asked the caller to no longer call her.

34.     Despite this, the Plaintiff received the subsequent calls.

35.     This included calls on the following dates and times, from the indicated caller identification numbers.

36.     The class members were harmed by the conduct that invaded their privacy.


### Class Action Allegations

37.     As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of Class of all other persons or entities similarly situated throughout the United States.

38.     The Class of persons Plaintiff propose to represent are tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of GoHealth (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

39.     Excluded from the Class are the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

40.     The Class as defined above are identifiable through phone records and phone number databases that will be obtained through discovery.

41.     The potential class members number is likely hundreds since telemarketing campaigns make calls to tens or hundreds of individuals each day.  Individual joinder of these persons is impracticable.

42.     Plaintiff is a member of the Class.

43.     There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a.   Whether the calls were placed without obtaining the recipients' prior consent for the call; and

    b.   Whether Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

44.     Plaintiff's claims are typical of the claims of class members.  Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by the Defendant and are based on the same legal and remedial theories.

45.     Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

46.     In fact, the Plaintiff has foregone a simpler path to recovery by filing this matter as a putative class action, as opposed to an individual claim.

47.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

48.     The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

## Legal Claims

### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

49.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

50.     The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the members of the Class despite their numbers being on the National Do Not Call Registry.

51.     The Defendant's violations were negligent, willful, or knowing.

52.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

53.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting GoHealth from making telemarketing calls (whether directly or via agents) to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.      Certification of the proposed Class;

B.      Appointment of Plaintiff as a representative of the Class;

C.      Appointment of the undersigned counsel as counsel for the Class;

D.      A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.      An award to Plaintiff and the Class of damages, as allowed by law; and

F.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

G.      Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting GoHealth from making telemarketing calls (whether directly of via agents) to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

PLAINTIFF,
By his attorneys,

/s/ *Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Edward A. Broderick
BRODERICK LAW, P.C.
176 Federal Street, Fifth Floor
Boston, MA 02110
Telephone: (617) 738-7080
ted@broderick-law.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 17, 2022, a copy of the foregoing was filed

electronically and served by mail on anyone unable to accept electronic filing. Notice of this

filing will be sent by email to all parties by operation of the court's electronic filing system.

**/s/ <u>*Anthony I. Paronich*</u>**
Anthony I. Paronich
