IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CRYSTAL POTTER, individually and on behalf of a class of all persons and entities similarly situated, | : : : : | Case No. 1:22-cv-06448 |
| Plaintiff, | : : | Judge John Robert Blakey |
| v. | : : | |
| GOHEALTH, LLC | : : | |
| Defendant. | : : : | |

_____ /

**DEFENDANT GOHEALTH'S MOTION TO BIFURCATE DISCOVERY**

GoHealth has an affirmative defense that will dispose of this entire case: its internal records show that Plaintiff consented to the calls upon which she is basing her case. Under the Telephone Consumer Protection Act ("TCPA"), consent is an absolute defense to liability. Thus, GoHealth maintains that it can defeat Potter's individual case, and by extension her class claims, in relatively short order. For this reason, GoHealth moves for an order to bifurcate discovery so that the parties and the Court can first address Potter's individual claim, which GoHealth will show fails on summary judgment. By sequencing discovery in this manner, the parties and the Court will avoid the burdens of expensive and time-consuming class discovery where it would prove unnecessary.

Specifically, GoHealth moves the Court to bifurcate discovery into two phases, as follows:

- Phase 1 – Discovery into whether Potter, or someone on her behalf, consented to receive the calls at issue.

- Phase 2 – All remaining discovery, including class discovery.

Not every TCPA class action is well-suited for bifurcated discovery. But this one is. GoHealth already has evidence that Potter consented to the calls at issue – evidence that GoHealth's general counsel disclosed to Potter's counsel even before this case was filed. (Exhibit 1) Accordingly, GoHealth proposes that the Court enter a scheduling order that would fast-track the first phase of discovery, culminating with a summary judgment motion focused on consent. This limited discovery can be completed quickly and will not delay the case.

GoHealth is requesting bifurcation for the opportunity to show that Potter's claim is not viable before it is forced to expend considerable time and expense on class-wide discovery. This Court has discretion over how to sequence and structure discovery, and GoHealth respectfully requests that the Court exercise that discretion here to permit GoHealth an opportunity to resolve this case in a prompt and cost-effective manner.

## I. Facts

Potter's Complaint alleges that her telephone number has been registered on the National Do Not Call Registry (the "DNC List") since 2008 and that GoHealth violated the TCPA by placing several calls to that number in August 2022. (Dkt. 1, at ¶¶ 18-24) But under the TCPA it is not a violation of the law to call a telephone number registered on the DNC List if the caller has consent to place the calls. 47 C.F.R. § 64.1200(c)(ii). As such, if GoHealth had consent to place the alleged calls, Potter does not have a viable individual claim (or class claim) against GoHealth. And that is what happened here.

On two occasions, GoHealth received consent to call the phone number in question, with the most recent instance occurring on August 15, 2022. (Exhibit 1) GoHealth's records reflect that, on August 15, an individual who identified himself as "Robert Potter" clicked on a banner advertisement regarding a potential Medicare subsidy that linked to the following URL:

2

https://www.gomedicare.com/new-medicare-rules-form-chat?link_id=17078. At this site, "Robert Potter" answered a series of questions about qualifications for the savings. The last step of the process requested contact information, and the individual filling out the form proceeded to enter the name "Robert Potter," and the exact telephone number alleged in her Complaint. (*Id.*) On the same screen, underneath the name and contact fields was the following language:

> By clicking the button, you consent to be contacted by a licensed insurance agent at GoHealth or GoHealth services about Medicare Advantage, PDP plans, and other related services via automatic telephone dialing system, artificial voice and/or pre-recorded message, or text message at the telephone number you provided. If you choose to provide your email address, you consent to be contacted at that email address by GoHealth for the same purposes. You understand that while this is a solicitation for insurance, consent is not a condition of purchase, and you may also receive a quote by contacting us by phone. You may revoke this consent at any time.

(*Id.*) Directly above this language was a button with the following clearly visible text: "See If I Qualify. I consent to the terms in this form."

GoHealth's records further indicate that after "Robert Potter" clicked the button to submit the information and confirm consent to be contacted, several calls were placed to the phone number in question on August 15, 22, and 23. (*Id.*) None of the calls were answered. (*Id.*) After receiving notice of Potter's intent to file suit, GoHealth placed Potter on its internal Do-Not-Call list and removed the telephone number from its calling system. (*Id.*)

As such, GoHealth contends that it received consent to place the calls in question and therefore has an absolute defense to Potter's claim that will render her incapable of representing a class. If GoHealth is provided the opportunity to make this showing now—before expensive and time-consuming class-wide discovery commences—the parties and this Court will save a great deal of resources. Conversely, if class-wide discovery begins immediately, the parties' and

the Court's resources will be needlessly tied up for years in a putative class action with a lead plaintiff who does not appear to have a valid claim.

## II. APPLICABLE LEGAL STANDARDS

Pursuant to the Federal Rules of Civil Procedure, this Court has broad discretion to bifurcate discovery. *See, e.g.,* FED. R. CIV. P. 16(b)(3)(B)(ii) (permitting the Court to modify the extent of discovery in a scheduling order); *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, 02-cv-2523, 2004 U.S. Dist. LEXIS 4698, at *5 (N.D. Ill. Mar. 22, 2004) ("Whether to bifurcate discovery is a matter committed to the discretion of the trial court). In administering the Rules and exercising its discretion, the Court should aim to "secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1.

Courts have found bifurcation appropriate "where the resolution of a single issue may resolve the case . . ." or "where a narrow, potentially dispositive issue . . . totally distinct from class issues," has the potential to invalidate the lead plaintiff's claim. *Tabor v. New York City*, 11-cv-0195, 2012 U.S. Dist. LEXIS 29004 (E.D.N.Y. Feb. 23, 2012); *Physicians Healthsource, Inc. v. Janssen Pharmaceuticals, Inc.*, No. 12-cv-2132, 2014 U.S. Dist. LEXIS 13523 (D.N.J. Feb. 4, 2014)). Although courts have denied motions to bifurcate discovery where sequencing discovery risks needless delay, bifurcation is generally permitted in cases where it promotes fairness and efficiency. *Christian v. Generation Mortg. Co.*, No. 12-cv-5336, 2013 U.S. Dist. LEXIS 69855 (N.D. Ill. May 16, 2013) ("Bifurcation is warranted where it promises to promote efficiency and economy without working substantial prejudice.")

## III. ARGUMENT

For at least two reasons, this situation is a textbook example of a case in which bifurcation of discovery is appropriate. First, limiting the first phase of discovery to consent will

promote efficiency and economy because consent is exactly the type of dispositive and wholly individual issue that warrants bifurcated discovery in the context of a TCPA class action. Second, focusing the first phase of discovery on whether Potter consented to the calls at issue will not unduly delay the case or otherwise prejudice Potter.

    A. **CONSENT IS A DISCRETE AND DISPOSITIVE ISSUE THAT WARRANTS BIFURCATION OF DISCOVERY**

As set forth above, consent is an absolute defense to liability in a TCPA action. If Potter consented to receive the calls at issue, she has no individual claim and she cannot represent a class. *See, e.g., Lang v. Colonial Penn Life Ins. Co.*, No. 21-cv-6290, 2022 U.S. Dist. LEXIS 173683, at *13-14 (N.D. Ill. Sept. 26, 2022) (noting that consent is a complete defense to a TCPA claim based on a purported violation of the DNC List regulations) Numerous courts have found that bifurcating discovery is appropriate in this scenario, where a discrete, dispositive issue could resolve a TCPA class action. *America's Health & Res. Ctr., Ltd. v. Promologics, Inc.*, No. 16-cv-9281, 2018 U.S. Dist. LEXIS 120590 (N.D. Ill. July 19, 2018) (granting a motion for bifurcated discovery to determine if the plaintiff had an individual claim); *Physicians Healthsource, Inc. v. Anda, Inc.*, No. 12-cv-60798, 2012 U.S. Dist. 187644 (S.D. Fla. Nov. 26, 2012) (finding bifurcated discovery was warranted where defendant presented a plausible argument that the plaintiff did not have a valid claim); *Maier v. J.C. Penny Corp.*, 13-cv-00163, Dkt. 41 (S.D. Cal. September 30, 2013) (granting a motion for bifurcated discovery because defendant had evidence that plaintiff consented to the calls at issue)[1]; *Akselrod v. Marketpro Homebuyers LLC*, No. 20-cv-2966, 2021 U.S. Dist. LEXIS 5253 (D. Md. Jan. 12, 2021) (bifurcating discovery to allow defendant to take discovery on whether the phone system used

---

[1] A copy of this opinion and order is attached hereto as Exhibit 2.

violated the TCPA); *Janssen Pharms., Inc.*, 2014 U.S. Dist. LEXIS 13523 (limiting the first phase of bifurcated discovery to the content of the allegedly violative faxes).

For example, in *Physicians Healthsource* and *Maier*, both TCPA class actions, courts granted motions to bifurcate in situations almost identical to the one at bar. As is the case here, the defendants maintained that they had a complete defense to liability on the plaintiffs' individual claims, and therefore sought to bifurcate discovery, because, if plaintiffs had no individual claims, they could not represent the putative classes. *Physicians Healthsource*, 2012 U.S. Dist. LEXIS, at *1, *Maier*, at p. 2. In both cases, in granting the defendants' motions, the courts recognized that the defendants had made plausible arguments that they could prevail on the merits of the plaintiffs' individual claims. *See Physicians Healthsource*, 2012 U.S. Dist. LEXIS, at *4; *Maier*, at p. 8. The courts rejected plaintiffs' arguments against bifurcation, finding that bifurcation was a "just, speedy, and inexpensive" approach to resolving the actions. *See, e.g., Maier*, at p. 10.

Here, as with the defendants in *Maier* and *Physicians Healthsource*, GoHealth is not asking the Court to bifurcate discovery with vague hopes that discovery will eventually produce evidence of consent. To the contrary, GoHealth seeks bifurcation because it already has evidence of consent. Therefore, GoHealth requests that it be permitted to take limited discovery related to consent and then submit a dispositive motion on that discrete and dispositive issue to save the parties and the Court from conducting likely unnecessary and time-consuming class discovery.

### B. BIFURCATING DISCOVERY WILL NOT UNDULY DELAY THE PROCEEDINGS.

GoHealth has no interest in delaying this action. In fact, GoHealth is seeking to bifurcate discovery precisely because it is convinced it will prevail on summary judgment, thus making it the fastest route to resolving the case. Indeed, diving head-first into class discovery would almost

certainly lock the parties into years of litigation,[2] whereas phasing discovery such that the parties first address consent will likely lead to a resolution very quickly.

As it stands, Potter filed this case in mid-November 2022. She has already served written discovery requests – many of which will become superfluous should the Court grant this Motion. GoHealth is currently preparing its own written discovery requests aimed at consent and will serve those requests imminently. And if discovery is bifurcated, the parties will only need a few short depositions concerning Potter's consent and can avoid the voluminous written and oral discovery that would be necessary if the parties were preparing all issues for trial. All told, GoHealth anticipates that, for purposes of its summary judgment motion, it will only likely require: (1) Potter's responses to GoHealth's written discovery requests; (2) Potter's deposition; (3) third party discovery from Potter's phone and internet provider; (4) an affidavit from an employee at GoHealth attesting to its records indicating Potter consented to the calls at issue. Given that this case is less than two months old, and the discovery wheels are already in motion, there is no reason limited consent discovery cannot be completed in short order. And based on this case's current trajectory, even if this Court were to deny GoHealth's summary judgment motion, there will not be a prejudicial delay to Potter's case.

Because consent-based discovery can be completed quickly, GoHealth will propose in the parties' joint status report a schedule for the first phase of bifurcated discovery that would conclude by March 10, 2023 and would result in a fully briefed summary judgment motion shortly thereafter. Accordingly, bifurcating discovery will not delay the litigation. To the contrary, it will permit the Court to determine whether Potter has a viable claim before the Parties and the Court expend significant resources on expensive, class-wide discovery.

---

[2] Potter's counsel has proposed a scheduling order that sees the case being ready for trial in Summer 2024.

## IV. CONCLUSION

The Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." FED R. CIV. P. 1. Pursuant to this objective, GoHealth respectfully requests that this Court grant its motion to bifurcate discovery.

## LR 37.2 CERTIFICATION

I, Seth Corthell, certify that I consulted with counsel for Plaintiff Crystal Potter via telephone conference on January 3, 2023 at approximately 10:00am CST. Although the parties engaged in a good faith attempt to resolve the discovery issue laid out in this motion, through no fault of myself or Potter's counsel, the parties were not able to reach an accord.

Dated: January 5, 2023

Respectfully submitted,

By: *s/ Seth H. Corthell*
Martin W. Jaszczuk
Seth H. Corthell
JASZCZUK P.C.
311 South Wacker Drive, Suite 2150
Chicago, IL 60606
Telephone: (312) 442-0509
Facsimile: (312) 442-0519
mjaszczuk@jaszczuk.com
scorthell@jaszczuk.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically using the Court's CM/ECF system and has been served to all parties via email through CM/ECF on this 5th day of January 2023.

*s/ Seth H. Corthell*