# -EXHIBIT 2-

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY MAIER, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>J. C. PENNEY CORPORATION, INC., a Delaware Corporation; J. C. PENNEY COMPANY, INC., a Delaware Corporation,<br><br>Defendants. | Civil No. 13-cv-163-JLS (DHB)<br><br>**ORDER RESOLVING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING BIFURCATION OF DISCOVERY**<br><br>**[ECF No. 36]** |

On September 30, 2013, Plaintiff Tracy Maier and Defendants J. C. Penney Corporation, Inc. and J. C. Penney Company, Inc. filed a Joint Motion for Determination of Discovery Dispute Regarding Bifurcation of Discovery. (ECF No. 36.) As discussed herein, Defendants desire to bifurcate discovery at this early stage of the litigation to allow the parties to first address Plaintiff's individual claim, which Defendants contend lacks merit because Plaintiff expressly consented to receiving the alleged infringing text messages, prior to engaging in other discovery including class certification and class merits. After careful consideration of the parties' arguments and the applicable law, and for the reasons set forth below, the Court **GRANTS** Defendants' motion to bifurcate discovery.

# I. BACKGROUND

In this putative class action, Plaintiff alleges Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, by sending text messages to Plaintiff without having first obtained Plaintiff's prior express consent. Specifically, Plaintiff alleges that on June 16, 2012, Defendants sent her an unsolicited text message on her wireless phone in an effort to promote Defendants' retail store, J. C. Penney. Although Plaintiff alleges she did not provide Defendants prior express consent to receiving text messages, Defendants maintain that Plaintiff did indeed consent to receiving the only two text messages Defendants sent to Plaintiff.

On June 26, 2013, Defendants filed an answer to Plaintiff's complaint in which Defendants assert a "prior express consent" affirmative defense. (ECF No. 20 at 13:21-14:22.)

On August 5, 2013, following a telephonic Early Neutral Evaluation Conference, the Court issued an order setting deadlines for the parties to comply with Rule 26 of the Federal Rules of Civil Procure and scheduling a Case Management Conference for September 20, 2013. (ECF Nos. 27, 28.) During the September 20, 2013 Case Management Conference, counsel advised the Court that they intended to shortly file a joint motion regarding their dispute regarding Defendants' desire to bifurcate discovery to allow Defendants to focus discovery on Plaintiff's individual claim (and whether she consented to receiving text messages from Defendants) prior to the parties engaging in expensive and time-consuming class certification and class merits discovery. Accordingly, the Court continued the Case Management Conference to October 4, 2013. (ECF No. 35.)

The parties filed the instant joint motion on September 30, 2013. (ECF No. 36.) After having reviewed the parties' arguments and the applicable law, the Court conducted a further Case Management Conference on October 4, 2013 in which the Court advised the parties that it would be granting Defendants' request to bifurcate discovery and that a written order would soon follow. (ECF No. 38.)

## II. DISCOVERY DISPUTE

Defendants seek to bifurcate discovery into two phases. In phase one, Defendants desire discovery into Plaintiff's individual claim, including whether she provided "prior express consent" to receive the text messages at issue. Following this limited discovery, Defendants intend to file a motion for summary judgment in which they will argue that Plaintiff has no viable claim and, as a result, she is not an adequate class representative. In the event a ruling on Defendants' motion for summary judgment does not resolve this case, Defendants' propose a second phase of discovery addressing all remaining discovery issues including class certification and class merits. Defendants support their position with several exhibits and a declaration that, according to Defendants, demonstrates Plaintiff unequivocally consented to receiving the text messages at issue.

Plaintiff opposes Defendants' request to bifurcate discovery. Plaintiff contends that bifurcation essentially amounts to a stay of discovery and that Defendants have not satisfied their burden of demonstrating the appropriateness of a discovery stay. Moreover, Plaintiff contends the class discovery that Defendants seek to postpone until after a summary judgment ruling would not be unduly burdensome or costly to do now at the outset of the case. To the contrary, Plaintiffs contend the proposed bifurcation of discovery would actually be more costly and burdensome than if discovery were to proceed in the normal course. Further, Plaintiffs maintain that it would be fundamentally unfair to permit Defendants to proceed with discovery on Plaintiff's individual claims while precluding Plaintiff from seeking discovery on class certification and class merits issues.

## III. DISCUSSION

The TCPA provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–
>
> . . .

- 3 -    13cv163-JLS (DHB)

> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii).

This statutory language has been interpreted to generally "make it unlawful to use an automatic telephone dialing system or an artificial or prerecorded voice message, without the prior express consent of the called party, to call any . . . cellular telephone, or other service for which the receiver is charged for the call.." *Mims v. Arrow Fin. Servs., LLC*, ___ U.S. ___, 132 S. Ct. 740, 745 (2012); *see also Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 950 (9th Cir. 2009) ("[T]he TCPA exempts those calls 'made with the prior express consent of the called party.'") (quoting 47 U.S.C. § 227(b)(1)(A)).[1] In this case, Defendants seek to focus the initial phase of discovery on Plaintiff's individual claims in order to establish, by way of a summary judgment motion, that she gave prior express consent to receiving the allegedly infringing text messages.

"Courts have broad discretionary power to control discovery." *DRK Photo v. McGraw-Hill Cos., Inc.*, No. CV 12-8093-PCT-PGR, 2012 U.S. Dist. LEXIS 168101, at *2 (D. Ariz. Nov. 27, 2012) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). "Magistrate judges have been given broad discretion to stay discovery pending decisions on dispositive motions, including motions for summary judgment." *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 351 (N.D. Cal. 2003) (citing *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550 (11th Cir. 1985); *see also Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-cv-02630 JAM KJN, 2011 U.S. Dist. LEXIS 16128, at *16 (E.D. Cal. Feb. 7, 2011) ("A party may seek a protective order that stays discovery pending resolution of a potentially dispositive motion.") (citing *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002)).

///

---

[1] A "text message is a 'call' within the TCPA." *Satterfield*, 569 F.3d at 954.

The bifurcation of discovery requested by Defendants is clearly contemplated by the Federal Rules of Civil Procedures. For example, Rule 26 requires parties to prepare a discovery plan stating their views and proposals on "the subjects on which discovery may be needed, *when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.*" FED. R. CIV. P. 26(f)(3)(B) (emphasis added). Rule 26 also permits a district court to issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden," including a protective order "specifying terms, including time and place, for the disclosure or discovery." FED. R. CIV. P. 26(c)(1)(B). Furthermore, with respect to class actions, "[t]he drafters of the Federal Rules of Civil Procedure . . . recognized that certification of a class may be delayed in order to conduct discovery on and dispose of a purported class representative's individual claims." *Physicians Healthsource, Inc. v. Anda, Inc.*, No. 12-60798-CIV-ROSENBAUM/SELTZER, 2012 U.S. Dist. LEXIS 187644, at *3-4 (S.D. Fla. Nov. 27, 2012) (citing FED. R. CIV. P. 23 advisory committee's note (2003 amendments) ("The party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified.").

Plaintiff relies on numerous cases in opposition to Defendants' motion to bifurcate discovery. However, the authority cited by Plaintiff is inapposite. First, in *Blakenship v. Hearst Corp.*, 519 F2d 418, 429 (9th Cir. 1975), the Ninth Circuit recognized that a party seeking to entirely prevent the deposition of a single witness caries "a heavy burden of showing why discovery [should be] denied."[2] However, *Blakenship* is not directly applicable because it did not address a motion to bifurcate or otherwise establish the sequence of discovery, which is what Defendants are seeking to do here.

/ / /

---

[2] The Ninth Circuit did not, as Plaintiff suggests, require a "*very* heavy burden." (*See* ECF No. 36 at 18:1 (emphasis added).)

- 5 - 13cv163-JLS (DHB)

Second, Plaintiff relies on numerous cases where a defendant sought a complete stay of discovery during the pendency of a dispositive motion. *See Huene v. U.S. Dep't of Treasury, I.R.S.*, No. 2:11-cv-2110 JAM AC PS, 2013 U.S. Dist. LEXIS 13803, at *19-22 (E.D. Cal. Jan. 31, 2013) (denying motion to stay discovery pending disposition of anticipated motion for summary judgment); *DRK Photo*, 2012 U.S. Dist. LEXIS 168101, at *2 (denying defendant's motion to "stay discovery pending the resolution of its summary judgment motion."); *Tradebay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 508 (D. Nev. 2011) (granting motion to stay all discovery pending ruling on fully-briefed motion to dismiss); *Mlejnecky*, 2011 U.S. Dist. LEXIS 16128, at *1 (denying motion to stay discovery pending resolution of defendant's motion to dismiss); *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995) (seeking "the stay of all discovery pending resolution of [defendant's] Motion to Dismiss."); *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555 (D. Nev. 1997) (seeking "a total stay of discovery until the motion to dismiss is finally resolved."). However, in each of these cases the moving party had sought to stay *all* discovery pending a ruling on a dispositive motion. In contrast, Defendants seek to bifurcate discovery into two phases, with only the second phase being stayed. Furthermore, with one exception, none of the cases cited by Plaintiff were brought as class actions.[3]

While the Court recognizes that "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending, *Tradebay*, 278 F.R.D. at 600 (citing *Skellerup*, 163 F.R.D. at 600-01), as noted above, the Court has broad discretionary power to control the scope and sequence of discovery. The Court also recognizes that "[t]he Ninth Circuit Court of Appeals has not announced a clear standard against which to evaluate a request or motion to stay discovery in the face of a pending, potentially dispositive motion." *Mlejnecky*, 2011 U.S. Dist. LEXIS 16128, at *6; *see also GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D.

---

[3] In *Adams v. AllianceOne, Inc.* (Case No. 08-cv-0248 JAH (LSP), ECF No. 27), Magistrate Judge Leo S. Papas of this district denied defendant's motion to stay discovery pending disposition of a filed motion to dismiss for lack of subject matter jurisdiction.

284, 287 n.3 (S.D. Cal. 2000) ("The Ninth Circuit has offered no specific guidance on the standard to be employed on a motion to stay discovery pending the outcome of a summary judgment motion other than that a court may, at its discretion, stay discovery pending the adjudication of that motion.") (citing *Little*, 863 F.2d at 685).

After careful consideration, the Court finds that the two-part test[4] for evaluating a request for stay adopted by many of the cases cited by Plaintiff is not applicable in the class action context presently before the Court. Indeed, application of the test at this stage of the litigation disregards the intent of Rule 23's drafters who recognized that it may be appropriate in certain circumstances to delay class certification where a defendant attempts to seek dismissal or summary judgment of the individual plaintiff's claims. *See* FED. R. CIV. P. 23 advisory committee's note (2003 amendments) ("The party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified."); *Physicians Healthsource*, 2012 U.S. Dist. LEXIS 187644, at *3-4. Specifically, application of the test to a motion to bifurcate discovery such as is presently before the Court would always result in a denial of the motion for failure to satisfy the second prong. Moreover, denial in every case would prevent a class action defendant from seeking summary judgment against an individual plaintiff in a putative class action in contravention to the drafter's intent. For this reason, the Court decides that application

---

[4] The two-part test applied in *Mlejnecky* for evaluating a "motion to stay discovery in the face of a pending, potentially dispositive motion" is:

> First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed. Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery. If the moving party satisfies these two prongs, the court may issue a protective order. Discovery should proceed if either prong of the test is not met.

2011 U.S. Dist. LEXIS 16128, at *19-20 (citations omitted).

According to many courts, analysis of the first prong of the test requires inquiry into "whether there appears to be 'an immediate and clear possibility' that the potentially dispositive motion would be granted after taking a 'peek' at the merits of that motion." *Id.* at *23-24 (quoting *GTE Wireless*, 192 F.R.D. at 287 & n.3).

of the two-part test outlined in *Mlejnecky* is inappropriate at this time.

Rather, the Court is persuaded by the reasoning set forth in *Physicians Healthsource*, a case with an identical procedural and factual setting. In that case, the court found that bifurcation was appropriate after the defendant had "made a plausible argument that it may be able to prevail on the merits against Plaintiff's individual claims." *Id.* at *4. Further, the defendant demonstrated why discovery was necessary to support its summary judgment argument that the plaintiff provided prior express consent. *Id.* at *4-5.

Similarly, the Court finds that Defendants have made a plausible argument that they may be able to prevail on a summary judgment motion attacking Plaintiff's individual claim. More than that, the Court believes that Defendants can satisfy the first prong of the two-part test advocated by Plaintiff.[5] Although Defendants may not have submitted sufficient evidence at this stage to conclusively prevail on a summary judgment motion, the Court believes that they have submitted enough evidence to conclude that there exists an "immediate and clear possibility of success" on their argument that Plaintiff expressly consented to receiving the subject text messages.[6] Furthermore, Defendants have identified specific, narrow discovery that is necessary to support their summary judgment motion.

/ / /

---

[5] As discussed above, the Court finds the second prong of the test is not applicable in the present class action.

[6] "[C]lear possibility[]" is significantly less stringent than 'immediately evident' or 'foregone conclusions' and indicates that Defendant's motion is nearly below but does not necessarily exceed a 'fifty percent chance' of success. If the chance of success is above a 'fifty percent chance,' then the chance of success would properly be characterized as 'probable' rather than 'clearly possible.'" *GTE Wireless*, 192 F.R.D. at 287.

In concluding that Defendants have demonstrated an "immediate and clear possibility of success" on their anticipated summary judgment motion, the Court is not determining the ultimate success of that motion. That decision is for the district judge. *See Physicians Healthsource*, 2012 U.S. Dist. LEXIS 187644, at *4 ("To be clear, the Court is not making any decision at this point as to the merits of Defendant's dispositive arguments. But if the Court resolves the individual claims in Defendant's favor, that ruling would likely significantly impact the Court's decision on class certification.").

The Court is also unpersuaded by Plaintiff's remaining arguments. First, the Court finds that engaging in class certification discovery efforts will necessarily impose a burden on Defendants. Based on the allegations in this case and the requirements the parties will have in relation to discovery of putative class members, electronically-stored information, etc., the Court is not convinced by Plaintiff's argument that Defendants are relying on stereotyped, conclusory statements. *Cf. Skellerup*, 163 F.R.D. at 600 (denying motion to stay discovery pending ruling on motion to dismiss where defendant "has done no more than to argue in conclusory fashion that its motion to dismiss will succeed. This 'idle speculation does not satisfy Rule 26(c)'s good cause requirement.'") (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)).

In fact, although Defendants have not provided any declaration from a company representative attesting to the burdens Defendants would incur if class discovery is permitted, it is apparent from the parties' own communications that initially limiting the scope of discovery to Plaintiff's individual claims will significantly decrease the scope of Plaintiff's discovery requests. (*See* ECF No. 36-7 at 2.) Furthermore, Plaintiff's contention that discovery in a TCPA text message case such as this is not generally burdensome or costly fails for the same reason that Plaintiffs contend Defendants' burden argument should fail: it is unsupported by any evidence. Finally, the Court is not convinced that the class-related discovery is actually less expensive and less burdensome than Defendants' proposed discovery into Plaintiff's individual claim.

Second, Plaintiff's assertion that the existence of a second named class representative counsels against bifurcation is unavailing. Plaintiff makes no representation that there even is such an individual waiting to enter the case. Nor can it be known whether such a hypothetical class representative would be potentially subject to the same "prior express consent" defense as Plaintiff.

Third, Plaintiff's fairness arguments (*i.e.*, why should Defendants get to proceed with discovery while Plaintiff cannot pursue her goals in the case?) are resolved upon consideration of Federal Rule of Civil Procedure 1, which states that the Federal Rules

of Civil Procedure "should be construed to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. If Defendants' position that Plaintiff provided express consent is meritorious, the "just, speeding, and inexpensive" manner to resolve this action is to adopt Defendants' proposal to bifurcate discovery. Stated differently, if Plaintiff is truly not an appropriate class representative, she should not be entitled to force Defendants into costly and time-consuming discovery into class allegations. Plaintiff's football analogy sails wide right. Plaintiff is not being forced to sit idly on the sideline while Defendants play the discovery game unopposed. Rather, Plaintiff should enter the game now and seek through discovery to establish that she did not provide express consent.[7] If Plaintiff's defense can withstand Defendants' opening drive, she can then send her offense onto the field to attempt to score on class certification.

Finally, any prejudice to Plaintiff is minimal and outweighed by the potential benefit afforded by bifurcated discovery. As stated in *Physicians Healthsource*:

> [I]t seems unlikely that an additional few months to resolve the individual claims will prejudice the Plaintiff in any substantial way. . . . [A]lthough a handful of witness[es] may need to be interviewed [or deposed] twice should this case proceed to class-wide discovery on the merits, that inconvenience is insufficient to outweigh the advantages potentially gained by resolving the individual claims at an early stage.

2012 U.S. Dist. LEXIS 187644, at *5.

/ / /

/ / /

---

[7] Plaintiff is not precluded from seeking discovery that she may need to oppose the summary judgment motion. *See Tradebay*, 278 F.R.D. at 601 (explaining "that under certain circumstances, a district court abuses its discretion if it prevents a party from conducting discovery relevant to a potentially dispositive motion.") (citing *Alaska Cargo Transport, Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993); *Jarvis v. Regan*, 833 F.2d 149, 155 ((th Cir. 1987); *Kamm c. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975); *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)). Whether Plaintiff needs discovery regarding prior express consent of putative class members in order to oppose Defendants' summary judgment motion is not presently before the Court. The parties shall cooperate in good faith to resolve any dispute that arises concerning what constitutes discovery into Plaintiff's individual claim necessary for resolution of Defendants' anticipated summary judgment motion.

## IV. CONCLUSION

For the reasons set forth above, the Court finds good cause to **GRANT** Defendants' request to bifurcate discovery. IT IS HEREBY ORDERED that discovery shall proceed as follows:

1. Discovery relating to Plaintiff's individual claim (including whether Plaintiff provided "prior express consent" to receive the text messages at issue) shall begin immediately and conclude by **December 6, 2013**. Defendants shall file their motion for summary judgment on Plaintiff's individual claim by **December 20, 2013**.

2. All other discovery, including class certification and class merits discovery, shall begin immediately upon the Court's ruling on Defendants' motion for summary judgment on Plaintiff's individual claim.

IT IS FURTHER ORDERED that counsel for the parties shall contact the chambers of the undersigned Magistrate Judge within three (3) days after the Court's ruling on Defendants' motion for summary judgment on Plaintiff's individual claim in order to schedule a Case Management Conference at which time the remainder of the pretrial schedule will be issued.

**IT IS SO ORDERED.**

DATED: October 11, 2013

DAVID H. BARTICK
United States Magistrate Judge