IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CRYSTAL POTTER, individually and on behalf of a class of all persons and entities similarly situated, | : : : : | Case No. 1:22-cv-06448 |
| Plaintiff, | : : | Judge John Robert Blakey |
| v. | : : | |
| GOHEALTH, LLC | : : | |
| Defendant. | : : | |

# INITIAL STATUS REPORT

The parties are submitting this Initial Status Report consistent with the Court's November 30, 2022 Order (ECF No. 5).

1. **Type of Initial Status Report (e.g., Joint or Individual).** Joint.

2. **Service of Process.** Service of process has been completed.

3. **Nature of the Case**

    a. **Attorneys of Record for Each Party**

    Plaintiff

    Anthony I. Paronich
    Paronich Law, P.C.
    350 Lincoln Street, Suite 2400
    Hingham, MA 02043

    Edward A. Broderick
    BRODERICK LAW, P.C.
    176 Federal Street, Fifth Floor
    Boston, MA 02110

    Defendant

    Martin W. Jaszczuk

>Seth H. Corthell
>Reginald Lys
>Jaszczuk, P.C.
>311 S. Wacker Dr., Ste 2150
>Chicago, IL 60606

b. **Basis for Federal Jurisdiction**

The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff' claims arise under federal law.

c. **Describe the nature of the claims asserted in the complaint and any counterclaims or affirmative defenses.**

- Plaintiff's Position: Crystal Potter ("Plaintiff" or "Ms. Potter") brings this action to enforce the consumer-privacy provisions of the TCPA alleging that GoHealth, LLC ("GoHealth" or "Defendant") made telemarketing calls to numbers on the National Do Not Call Registry. Because telemarketing calls can be made to thousands or even millions of individuals, Plaintiff brings this action on behalf of a proposed nationwide Class of other persons who were sent similar calls. The Plaintiff did not provide her consent to receive the calls at issue. Indeed, during the date of the purported consent, she was on government assistance and not in a position to be purchasing supplemental insurance. Moreover, she was visually impaired making her consenting on a website for those telemarketing calls impractical.

- Defendant's Position: Plaintiff does not have a valid TCPA claim because she, or someone acting on her behalf, consented to the calls at issue. Plaintiff's purported status as a recipient of government assistance is irrelevant for multiple reasons. For example, most Medicare plans do not charge a premium. Moreover, while GoHealth contends that it properly obtained consent from all

individuals called, to the extent there are questions about any particular individual's consent, such questions would necessarily involve individual inquiries that would predominate over any common issues, thereby making class treatment inappropriate. GoHealth is continuing to investigate its defenses and therefore reserves its rights to assert additional defenses as this case develops.

  d. **State the major legal and factual issues anticipated in the case.**

- Whether the alleged calls at issue were telemarketing calls;

- Whether the alleged calls were made with the consent of Plaintiff and putative class members; and

- Whether Plaintiff's claims are appropriate for class certification pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3).

  e. **Describe the type and calculation of damages and any other relief sought by Plaintiff(s).**

The Plaintiff seeks certification of the following class pursuant to Rule 23(b)(2) and/or 23(b)(3):

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of GoHealth (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

The TCPA allows for damages of $500 for each automated call, pursuant to 47 U.S.C. § 227(c)(5). This amount may be trebled for any violation that is found to be "knowing" or "willful". *Id.* The TCPA also authorizes injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the

3

TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

4. **Pending Motions and Case Plan**

   a. **Identify all Pending Motions**. On January 5, 2023 GoHealth filed a Motion to Bifurcate Discovery, which is set for presentment on January 11, 2023.

   b. **Counsel for all parties must submit a proposal for discovery and a case management plan, including the following information:**

      i. **The general type of discovery needed, including any potential electronic discovery or bifurcated discovery;**

Plaintiff anticipates seeking testimony, documents and data that will include: (1) electronic data regarding the calls placed in this case; (2) electronic mail related to the allegations of this case; (3) electronic data tracking any consent to receive calls that consumers provided; (4) electronic data regarding the dialing systems and prerecorded voice systems used to make the calls at issue; (5) contracts and other documents relating to the relationship between Go Health and their vendors at issue; (6) Defendant's policies and procedures concerning TCPA compliance regarding the marketing and promotion of their services and products; and (7) complaints of illegal telemarketing made to the Defendant, and Defendant's responses. The Plaintiff did not provide her consent to receive the calls at issue. Indeed, during the date of the purported consent, she was on government assistance and not in a position to be purchasing supplemental insurance. Moreover, she was visually impaired making her consenting on a website for those telemarketing calls impractical. The Plaintiff intends to oppose GoHealth's motion to bifurcate discovery. Indeed, as Judge Harjani decided in another TCPA case this month:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023).

GoHealth contends that it has an affirmative defense that will dispose of this entire case: its internal records show that Plaintiff, or someone acting on her behalf, consented to the calls upon which she is basing her claim. Accordingly, GoHealth has filed a motion seeking to bifurcate discovery into two phases, with the initial phase being limited to individual issues related to whether Plaintiff consented to receive the calls at issue. (Dkt. 8). During this phase, GoHealth will seek information concerning (1) whether Plaintiff consented to the calls at issue; (2) the phone on which Plaintiff received the calls at issue; (3) the identity of any other users of the telephone number alleged in the complaint; (4) Plaintiff's telephone and internet usage; and (5) Plaintiff's litigation history. GoHealth expects to bring a motion for summary judgment after this phase of discovery that will resolve Plaintiff's individual claim and, by extension, her class claims (given that a Plaintiff with no claim cannot represent a class).

Should discovery proceed to the next phase, GoHealth will seek discovery into (1) the number of calls Plaintiff allegedly received; (2) whether Plaintiff suffered any actual harm as a result of receiving the alleged calls; (3) whether Plaintiff registered the number alleged in the

5

Complaint with the National Do-Not-Call Registry; and (4) Plaintiff's adequacy to represent a class.

    **ii. A date for Rule 26(a)(1) disclosures:**

    The parties agree to propose January 13, 2023.

    **iii. A date to issue written discovery;**

        1. Plaintiff's Proposal: February 3, 2023

        2. Defendant's Proposal: All consent-based discovery to be served by January 23, 2023

    **iv. The need for, and content of, any proposed confidentiality orders, in accordance with the Local Rules for the Northern District of Illinois (parties should start with the model confidentiality order, file a motion seeking entry of the order, and send a redlined version and a clean Word version to proposed_order_blakey@ilnd.uscourts.gov);**

    The parties intend to move for entry of an agreed Confidentiality Order in early January that generally tracks the Northern District of Illinois' model order.

    **v. The need for, and content of, any Health Insurance Portability and Accountability Act (HIPAA) waivers;**

    Currently, the parties do not anticipate the need for any HIPAA waivers.

    **vi. A fact discovery completion date;**

        1. Plaintiff's Proposal: July 7, 2023

        2. Defendant's Proposal: Consent-based discovery to be completed by March 10, 2023

    **vii. Whether there will be expert discovery, and, if so, an expert discovery completion date (including proposed deadlines for expert disclosures and depositions);**

1. Plaintiff's Proposal: Yes, the parties will need expert discovery and suggest disclosures be due on July 28, 2023 with any depositions to be completed by August 31, 2023. The Plaintiff believes that expert discovery will potentially be needed even for her individual claim.

2. Defendant's Proposal: Defendant does not need expert discovery for its summary judgment motion on Plaintiff's individual claim. If the parties need expert discovery concerning class issues, Defendant proposes setting a schedule for such discovery after the Court rules on Defendant's summary judgment motion on Plaintiff's individual claim after completion of Phase I discovery.

viii. **A proposed date for the filing of dispositive motions (if any);**

1. Plaintiff's Proposal: The Plaintiff will file a class certification motion by September 22, 2023

2. Defendant's Proposal: Defendant will file a summary judgment motion on Plaintiff's individual claim by March 27, 2023

ix. **A tentative trial date.**

Summer of 2024.

c. **With respect to trial, indicate whether a jury trial is requested and the probable length of trial.**

Yes, a jury trial is requested. If this matter is certified as a class action, 5 days.

5. **Consent to Proceed Before a Magistrate Judge**

The parties have discussed, but do not consent to proceed before a magistrate.

6. **Status of Settlement Discussions**

a. **Describe the status of settlement discussions; and**

b. **Indicate whether the parties request a settlement conference.**

The parties have discussed settlement, but do not request a settlement conference at this time.

| | |
|---|---|
| Plaintiff Crystal Potter,<br>By her attorneys, | Defendant GoHealth, LLC<br>By its attorneys, |
| s/ Anthony I. Paronich<br>Anthony I. Paronich<br>Paronich Law, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043<br>(508) 221-1510<br>anthony@paronichlaw.com<br><br>Edward A. Broderick<br>BRODERICK LAW, P.C.<br>176 Federal Street, Fifth Floor<br>Boston, MA 02110<br>Telephone: (617) 738-7080<br>ted@broderick-law.com | s/ *Seth H. Corthell*<br>Martin W. Jaszczuk<br>Seth H. Corthell<br>JASZCZUK P.C.<br>311 S. Wacker Dr., Suite 2150<br>Chicago, Illinois 60606<br>Telephone: 312-442-0509<br>mjaszczuk@jaszczuk.com<br>scorthell@jaszczuk.com |