IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CRYSTAL POTTER, individually and on behalf of a class of all persons and entities similarly situated, | : : : : | Case No. 1:22-cv-06448 |
| Plaintiff, | : : | Judge John Robert Blakey |
| v. | : : | |
| GOHEALTH, LLC | : : | |
| Defendant. | : : : | |
| _____/ | | |

# **DEFENDANT GOHEALTH, LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

## **Preliminary Statement**

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

**ANSWER:** GoHealth admits that this paragraph purports to quote a portion of the Congressional record concerning the TCPA. GoHealth denies that this paragraph accurately characterizes the Congressional record or sets forth all relevant provisions of applicable law, and otherwise denies the remaining allegations of this paragraph.

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.;* 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to ... initiat[e] any outbound telephone call to a person when ... [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). Private suits can seek either monetary or injunctive relief. *Id.* This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer* v. *Dish Network, L.L.C.,* 925 F.3d 643, 649-50 (4th Cir. 2019).

**ANSWER:** GoHealth admits that this paragraph purports to quote a portion of an opinion from the case titled *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019). GoHealth denies that this paragraph accurately characterizes the cited authorities or sets forth all relevant provisions of applicable law, and otherwise denies the remaining allegations of this paragraph.

3. Crystal Potter ("Plaintiff" or "Ms. Potter") brings this action to enforce the consumer-privacy provisions of the TCPA alleging that GoHealth, LLC ("GoHealth") made

telemarketing calls to numbers on the National Do Not Call Registry.

**ANSWER:** GoHealth admits that Potter's Complaint purports to assert a cause of action under the TCPA. GoHealth denies all other remaining allegations of this paragraph.

4. Because telemarketing calls can be made to thousands or even millions of individuals, Plaintiff brings this action on behalf of proposed nationwide Class of other persons who were sent similar calls.

**ANSWER:** GoHealth admits that Potter seeks to bring this action on behalf of herself and a putative class. GoHealth denies that Potter can represent any such class, denies that any such class can be certified, denies that Potter or the purported class has any valid claim, and denies all remaining allegations of this paragraph.

5. A class action is the best means of obtaining redress for the Defendant' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required. To the extent a response is required, GoHealth denies that Potter or the purported class has any valid claim and denies all remaining allegations of this paragraph.

**Parties**

6. Plaintiff Crystal Potter is a Kansas resident.

**ANSWER:** GoHealth lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

7. Defendant GoHealth, LLC is a limited liability company registered to do business in Illinois with its principal place of business at 214 West Huron St., Chicago, Illinois 60654,

which is in this district.

    **ANSWER:** GoHealth admits the allegations of this paragraph.

## Jurisdiction & Venue

    8. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff' claims arise under federal law.

    **ANSWER:** GoHealth admits that Plaintiff's claims arise under federal law. GoHealth denies the remaining allegations of this paragraph.

    9. The Court has personal jurisdiction over the Defendant because they contracted to originate leads through telemarketing calls for GoHealth in this district.

    **ANSWER:** GoHealth admits that this Court has personal jurisdiction over GoHealth. GoHealth denies the remaining allegations of this paragraph.

    10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telemarketing campaign at issue was organized with GoHealth from this District and GoHealth has its principal place of business in this District.

    **ANSWER:** GoHealth admits that venue is proper in this district and that it maintains its principal place of business in this district. GoHealth denies the remaining allegations of this paragraph.

## The Telephone Consumer Protection Act

    11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

    **ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and

opinions to which no response is required. To the extent a response is required, GoHealth denies that this paragraph accurately characterizes the cited authorities or sets forth all relevant provisions of applicable law and otherwise denies the allegations of this paragraph.

The National Do Not Call Registry

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required. To the extent a response is required, GoHealth admits that consumers can register their telephone numbers on the National Do Not Call Registry but denies that this paragraph accurately quotes or characterizes the cited authorities or sets forth all relevant provisions of applicable law and otherwise denies the allegations of this paragraph.

13. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and opinions to which no response is required. To the extent a response is required, GoHealth denies that this paragraph accurately quotes or characterizes the cited authorities or sets forth all relevant provisions of applicable law and otherwise denies the allegations of this paragraph.

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** The allegations of this paragraph state legal conclusions, arguments, and

opinions to which no response is required. To the extent a response is required, GoHealth denies that this paragraph accurately quotes or characterizes the cited authorities or sets forth all relevant provisions of applicable law and otherwise denies the allegations of this paragraph.

### Factual Allegations

15. GoHealth markets and sells health insurance products and services to consumers.

**ANSWER:** GoHealth admits that it provides a technology-driven healthcare marketplace for insurance consumers, brokers, and carriers. GoHealth denies the remaining allegations of this paragraph.

16. GoHealth uses telemarketing to promote its products and services and solicit new customers.

**ANSWER:** GoHealth admits that it engages in lawful and TCPA-compliant outbound dialing practices. GoHealth denies the remaining allegations of this paragraph.

Calls to Plaintiff

17. Ms. Potter is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** The allegations of this paragraph state a legal conclusion to which no response is required.

18. Ms. Potter's telephone number, (702) 727-XXXX has been on the National Do Not Call Registry since June 2008.

**ANSWER:** GoHealth lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

19. This number is used for Ms. Potter's personal use.

**ANSWER:** GoHealth lacks knowledge or information sufficient to admit or deny the

allegations of this paragraph.

20. The number is not associated with a business.

**ANSWER:** GoHealth lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

21. However, Ms. Potter received multiple telemarketing calls promoting GoHealth's Medicare insurance products.

**ANSWER:** GoHealth admits that it placed calls to telephone number 702-727-XXXX on August 15, 22 and 23 but denies that those calls constitute actionable TCPA violations. GoHealth denies the remaining allegations of this paragraph.

22. These calls are believed to be made by GoHealth directly.

**ANSWER:** GoHealth admits that it placed calls to telephone number 702-727-XXXX on August 15, 22 and 23 but denies that those calls constitute actionable TCPA violations. GoHealth denies the remaining allegations of this paragraph.

23. The calls were made on August 15, 22 and 23, 2022.

**ANSWER:** GoHealth admits that it placed calls to telephone number 702-727-XXXX on August 15, 22 and 23 but denies that those calls constitute actionable TCPA violations. GoHealth denies the remaining allegations of this paragraph.

24. The Plaintiff received 8 calls from the Defendant on August 15, 3 on August 22 and 1 on August 23.

**ANSWER:** GoHealth admits that it placed calls to telephone number 702-727-XXXX on August 15, 22 and 23 but denies that those calls constitute actionable TCPA violations. GoHealth denies the remaining allegations of this paragraph.

25. The calls all came from the same Caller ID, 844-544-2028.

**ANSWER:** GoHealth lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

26. The Plaintiff answered one of the calls on August 15, 2022.

**ANSWER:** GoHealth denies the allegations of this paragraph.

27. During that call, GoHealth offered her health insurance.

**ANSWER:** GoHealth denies the allegations of this paragraph.

28. The health insurance was in the form of a Medicare Supplement.

**ANSWER:** GoHealth denies the allegations of this paragraph.

29. To secure the supplement, GoHealth required more information, including asking Ms. Potter what her age was.

**ANSWER:** GoHealth denies the allegations of this paragraph.

30. Confirming that the calls were from the Defendant, a call back to that Caller ID was "thank you for calling Go Medicare".

**ANSWER:** GoHealth lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

31. The website for Go Medicare, https://www.gomedicare.com/, is a website for GoHealth.

**ANSWER:** GoHealth admits the allegations of this paragraph.

32. Indeed, that website states, "GoHealth helps Medicare beneficiaries enroll in Medicare Advantage plans", and indicates that GoHealth owns the website.

**ANSWER:** GoHealth admits the allegations of this paragraph.

33. The Plaintiff was not interested and asked the caller to no longer call her.

**ANSWER:** GoHealth denies the allegations of this paragraph.

34. Despite this, the Plaintiff received the subsequent calls.

**ANSWER:** GoHealth admits that it placed calls to telephone number 702-727-XXXX on August 15, 22 and 23 but denies that those calls constitute actionable TCPA violations. GoHealth denies the remaining allegations of this paragraph.

35. This included calls on the following dates and times, from the indicated caller identification numbers.

**ANSWER:** GoHealth admits that it placed calls to telephone number 702-727-XXXX on August 15, 22 and 23 but denies that those calls constitute actionable TCPA violations. GoHealth lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

36. The class members were harmed by the conduct that invaded their privacy.

**ANSWER:** GoHealth denies the allegations of this paragraph.

## Class Action Allegations

37. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of Class of all other persons or entities similarly situated throughout the United States.

**ANSWER:** GoHealth denies that Potter can bring claims on a class basis, denies that any classes can be certified, denies that Potter or the putative class members have any valid claims or are entitled to any relief, and otherwise denies the allegations of this paragraph.

38. The Class of persons Plaintiff propose to represent are tentatively defined as:

**National Do Not Call Registry Class:** All persons in the United States whose (I) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of GoHealth (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

**ANSWER:** GoHealth denies that Potter can bring claims on a class basis, denies that any classes can be certified, denies that Potter or the putative class members have any valid claims or are entitled to any relief, and otherwise denies the allegations of this paragraph.

39. Excluded from the Class are the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**ANSWER:** GoHealth denies that Potter can bring claims on a class basis, denies that any classes can be certified, denies that Potter or the putative class members have any valid claims or are entitled to any relief, and otherwise denies the allegations of this paragraph.

40. The Class as defined above are identifiable through phone records and phone number databases that will be obtained through discovery.

**ANSWER:** GoHealth denies that Potter can bring claims on a class basis, denies that any classes can be certified, denies that Potter or the putative class members have any valid claims or are entitled to any relief, and otherwise denies the allegations of this paragraph.

41. The potential class members number is likely hundreds since telemarketing campaigns make calls to tens or hundreds of individuals each day. Individual joinder of these persons is impracticable.

**ANSWER:** GoHealth denies that Potter can bring claims on a class basis, denies that any classes can be certified, denies that Potter or the putative class members have any valid claims or are entitled to any relief, and otherwise denies the allegations of this paragraph.

42. Plaintiff is a member of the Class.

**ANSWER:** GoHealth denies that Potter can bring claims on a class basis, denies that any classes can be certified, denies that Potter or the putative class members have any valid

claims or are entitled to any relief, and otherwise denies the allegations of this paragraph.

43. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a. Whether the calls were placed without obtaining the recipients' prior consent for the call; and

    b. Whether Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

**ANSWER:** GoHealth denies that Potter can bring claims on a class basis, denies that any classes can be certified, denies that Potter or the putative class members have any valid claims or are entitled to any relief, and otherwise denies the allegations of this paragraph.

44. Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by the Defendant and are based on the same legal and remedial theories.

**ANSWER:** GoHealth denies that Potter can bring claims on a class basis, denies that any classes can be certified, denies that Potter or the putative class members have any valid claims or are entitled to any relief, and otherwise denies the allegations of this paragraph.

45. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

**ANSWER:** GoHealth denies that Potter can bring claims on a class basis, denies that any classes can be certified, denies that Potter or the putative class members have any valid claims or are entitled to any relief, and otherwise denies the allegations of this paragraph.

46. In fact, the Plaintiff has foregone a simpler path to recovery by filing this matter as a putative class action, as opposed to an individual claim.

**ANSWER:** GoHealth denies that Potter can bring claims on a class basis, denies that any classes can be certified, denies that Potter or the putative class members have any valid claims or are entitled to any relief, and otherwise denies the allegations of this paragraph.

47. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

**ANSWER:** GoHealth denies that Potter can bring claims on a class basis, denies that any classes can be certified, denies that Potter or the putative class members have any valid claims or are entitled to any relief, and otherwise denies the allegations of this paragraph.

48. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

**ANSWER:** GoHealth denies that Potter can bring claims on a class basis, denies that any classes can be certified, denies that Potter or the putative class members have any valid claims or are entitled to any relief, and otherwise denies the allegations of this paragraph.

## Legal Claims

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

49. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

**ANSWER:** GoHealth incorporates its responses and answers to paragraphs 1-48 of the

Complaint as if fully set forth herein.

50. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the members of the Class despite their numbers being on the National Do Not Call Registry.

**ANSWER:** GoHealth denies the allegations of this paragraph.

51. The Defendant's violations were negligent, willful, or knowing.

**ANSWER:** GoHealth denies the allegations of this paragraph.

52. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

**ANSWER:** GoHealth denies the allegations of this paragraph.

53. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting GoHealth from making telemarketing calls (whether directly or via agents) to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**ANSWER:** GoHealth denies the allegations of this paragraph.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as a representative of the Class;

      C.      Appointment of the undersigned counsel as counsel for the Class;

      D.      A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

      E.      An award to Plaintiff and the Class of damages, as allowed by law; and

      F.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

      G.      Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting GoHealth from making telemarketing calls (whether directly of via agents) to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**ANSWER:** GoHealth denies that Potter or putative class members are entitled to any of the relief sought and denies the remaining allegations of this paragraph.

## **JURY DEMAND**

GoHealth requests a jury trial as to all claims so triable.

## AFFIRMATIVE DEFENSES

GoHealth does not concede or waive the issue of which party bears the burden of proof as to any of the following:

### Consent

1. Pleading affirmatively, GoHealth asserts that proper consent was obtained to place the alleged telephone calls to Potter and putative class members.

### Established Business Relationship

2. Pleading affirmatively, GoHealth asserts that it had an Established Business Relationship ("EBR") with Potter and/or putative class members as that term is defined under the TCPA.

### Standing

3. Pleading affirmatively, GoHealth asserts that Potter and putative class members are not within the zone of interests protected by the TCPA to the extent that the cellular phone numbers allegedly called were listed and associated with commercial business ventures and to the extent Potter and class members are not the owners of, or subscribers to, the telephone numbers to which the alleged calls were placed.

### Statute of Limitations

4. Pleading affirmatively, GoHealth asserts that, to the extent Potter and putative class members make claims for violations that occurred more than four years prior to the date of the complaint, Potter's and putative class members' claims are barred by the applicable statutes of limitations. 28 U.S.C. § 1658(a).

### Reassigned Numbers

5. Pleading affirmatively, GoHealth asserts that, to the extent applicable, Potter's and putative class members' claims are barred by rulings exempting calls to reassigned phone numbers from TCPA liability.

### Improper Revocation

6. Pleading affirmatively, GoHealth asserts that Potter's and putative class members' claims are barred to the extent consent to receive any of the alleged calls at issue was improperly revoked.

### Article III Standing

7. Pleading affirmatively, GoHealth asserts that Potter's and putative class members' interests were not violated by the alleged calls as they did not constitute the nuisance, invasion of privacy, cost, and inconvenience from which Congress intended to protect consumers and, accordingly, Potter and putative class members have not suffered concrete or particularized injuries traceable to any action of GoHealth sufficient to satisfy Article III or statutory standing requirements.

8. Pleading affirmatively, GoHealth asserts that Potter and/or putative class members have no Article III standing for any calls that were blocked by call-blocking technology, not answered or noticed, or otherwise not completed because such calls do not constitute the nuisance, invasion of privacy, cost, and inconvenience from which Congress intended to protect consumers. *TransUnion LLC v. Ramirez*, No. 20-297, 2021 U.S. LEXIS 3401 (June 25, 2021).

### Substantial Compliance

9. Pleading affirmatively, GoHealth asserts that, at all relevant times, it acted in good faith and in substantial compliance with the TCPA.

### TCPA Regulations are Not Statutory Rules

10. To the extent Potter seeks to hold GoHealth liable for any violations of regulations promulgated by the Federal Communications Commission, GoHealth asserts that the Federal Communications Commission exceeded its authority in promulgating such regulations. Pleading further, GoHealth asserts that the Federal Communications Commission's orders relating to the placement of calls to telephone numbers registered on the National Do Not Call Registry are interpretive, rather than legislative, rules.

### Inadequate Opportunity to Review Administrative Orders

11. GoHealth asserts that it did not have an adequate opportunity to seek review of the Federal Communications Commission's orders relating to the placement of calls to telephone numbers registered on the National Do Not Call Registry.

### Indemnification

12. Pleading affirmatively, GoHealth asserts that, to the extent GoHealth could be deemed to be liable for any damages, GoHealth is entitled to indemnification from one or more third parties.

### Reservation

13. GoHealth does not yet have knowledge of all facts and evidence surrounding this matter and, as a result, reserves its right to amend its Answer to raise additional affirmative defenses as they are discovered.

Dated: January 17, 2023   Respectfully submitted,

By: *s/ Seth H. Corthell*

Martin W. Jaszczuk
Seth H. Corthell
JASZCZUK P.C.
311 South Wacker Drive, Suite 2150
Chicago, IL 60606
Telephone: (312) 442-0509
Facsimile: (312) 442-0519
mjaszczuk@jaszczuk.com
scorthell@jaszczuk.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 17, 2023 a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system and served to all parties via email through CM/ECF.

*s/ Seth H. Corthell*